

# CSC

## Notice of Service of Process

null / ALL
**Transmittal Number: 20433628**
Date Processed: 09/24/2019

| | |
|---|---|
| Primary Contact: | Michael McMahon<br>Boardwalk Pipeline Partners, LP<br>9 Greenway Plaza<br>Ste 2800<br>Houston, TX 77046 |

| | |
|---|---|
| Entity: | Gulf South Pipeline Company, LP<br>Entity ID Number 2769144 |
| Entity Served: | Gulf South Pipeline Company LP |
| Title of Action: | Diamond Lumber Company, Inc. vs. Gulf South Pipeline Company, LP |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Property |
| Court/Agency: | Calcasieu Parish District Court, LA |
| Case/Reference No: | 2019-4174D |
| Jurisdiction Served: | Louisiana |
| Date Served on CSC: | 09/20/2019 |
| Answer or Appearance Due: | 15 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | J. Rock Palermo III<br>337-310-1600 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com





**EXHIBIT "A"**

DIAMOND LUMBER COMPANY
INC
VS.    2019-004174
GULF SOUTH PIPELINE
COMPANY LP

Citation



14th Judicial District Court

State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  GULF SOUTH PIPELINE COMPANY
     LP
     THROUGH   ITS   REGISTERED
     AGENT   FOR   SERVICE:
     CORPORATION   SERVICE
     COMPANY
     501 LOUISIANA AVENUE
     Baton Rouge, LA 70802

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in
the petition of DIAMOND LUMBER CO INC, (PLAINTIFFS' PETITION FOR DAMAGES AND RULE TO
EVICT) against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the
office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the
service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 3rd day of September 2019.

Issued and delivered September 13, 2019

*Emilie Hollier*
Emilie Hollier
Deputy Clerk of Court

------------------------------------------------ SERVICE INFORMATION ------------------------------------------------

Received on the _____ day of _____ 20____, and on the _____ day of _____ 20____, served the above named
party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in
said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein
being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE      $_____          BY:  _____
                                          Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.    P001

Filing Date: 09/13/2019 10:42 AM    Page Count: 1
Case Number: 2019-004174
Document Name: Citation

[ Service Copy ]
CMS0085

Page 1 of 1

You Are Hereby Notified - Civil

DIAMOND LUMBER COMPANY INC       14th Judicial District Court
VS.   2019-004174                State of Louisiana
GULF SOUTH PIPELINE COMPANY      Parish of Calcasieu
LP



THE STATE OF LOUISIANA

TO:   GULF SOUTH PIPELINE COMPANY
      LP
      THROUGH ITS REGISTERED
      AGENT FOR SERVICE:
      CORPORATION SERVICE
      COMPANY
      501 LOUISIANA AVENUE
      Baton Rouge, LA  70802

YOU ARE HEREBY NOTIFIED:

TO COMPLY WITH "DIAMOND LUMBER COMPANY, INC.'S FIRST SET OF DISCOVERY REQUESTS"
WITHIN THE DELAYS PROVIDED THEREIN.

ALL IN ACCORDANCE WITH CERTIFIED COPY ATTACHED HERETO AND MADE A PART
HEREOF.

Witness the Honorable Judge of said Court, at Lake Charles, Louisiana, this 3RD day of SEPTEMBER 2019.

Issued and delivered September 13, 2019

_Emilie Hollier_

Emilie Hollier
Deputy Clerk of Court

---------------------------------- SERVICE INFORMATION ----------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the
above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living
and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said
person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___

SERVICE      $_____                BY: _____
                                             Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.   P001

C M S 6 5 8 5 4 7 5
Filing Date: 09/13/2019 10:44 AM     Page Count: 1
Case Number: 2019-004174
Document Name: You are Hereby Notified - Civil

[ Service Copy ]
CMS0035                                                                    Page 1 of 1

DIAMOND LUMBER COMPANY,           : ·   14ᵀᴴ JUDICIAL DISTRICT COURT
INC.

VS. NO. 2019-4174  D              :    PARISH OF CALCASIEU

GULF SOUTH PIPELINE COMPANY, :        STATE OF LOUISIANA
LP and BOARDWALK PIPELINES,
LP

FILED:  ___SEP 0 3 2019___        :    *Scott Mclvestor*
                                       DEPUTY CLERK OF COURT


## PLAINTIFFS' PETITION FOR DAMAGES AND RULE TO EVICT

NOW INTO COURT, through undersigned counsel, comes DIAMOND LUMBER CO.,

INC., domiciled in Calcasieu Parish, (hereinafter referred to as "plaintiff"), who respectfully

represents as follows:

1.

Made defendants herein are:

a.   GULF SOUTH PIPELINE COMPANY LP ("Gulf South") (formerly known as Union
     Gas Pipe Line Company ("Union Gas"), a partnership, doing business in the State of
     Louisiana and in the Parish of Calcasieu, with a principal business establishment located
     at 520 Alliance St., Kenner, LA, which may be duly cited and served through its
     registered agent, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge,
     Louisiana 70802;

b.   BOARDWALK PIPELINES, LP, ("Boardwalk") a limited partnership, which may be
     served via La. R.S. 13:3204 (the Long Arm Statute) at 9 Greenway Plaza, suite 2800,
     Houston, TX 77046

2.

Plaintiff is the owner of certain immovable property located in Section 7, Township 9

South, Range 8 West, in Calcasieu Parish, Louisiana. That property (hereinafter referred to as

"the property") is the subject of this suit.

3.

On January 5, 1931, one of the plaintiffs' ancestors in title, George Lyons, granted a

right-of-way agreement to United Pipe Line Corporation, predecessor in interest to Gulf South

and Boardwalk. However, George Lyons was not the sole owner of the property described in

the Right of Way. Gulf South's predecessor never obtained a Right of Way from all the owners.

CALCASIEU CLERK-COST
SEP 03 2019 PM03:22:48

·4.

By failing to obtain a Right of Way from all the owners, the defendants, and their predecessors in interest, were committing a trespass.

5.

Defendants owed a duty to plaintiff not to trespass.

6.

On information and belief, Gulf South is a wholly owned subsidiary of Boardwalk and Boardwalk is an officer and partner of Gulf South.

7.

In March 2018, Gulf South notified plaintiff that Gulf South intended to perform maintenance and inspection work on the existing natural gas pipeline known as Index 201-3 Segment B located in Section 7, Township 9 South, Range 8 West, Calcasieu Parish, Louisiana. Gulf South further advised that upon completion of construction by Gulf South, the permanent right of way will be returned to as near original condition as practicable.  Gulf South further stated it "anticipates minimal, if any, long-term adverse impact to the property."

8.

In July 2018, Gulf South approached plaintiff with a "Ratification and Amendment of Servitude and Right of Way Agreement".  The Amendment sought to enlarge the Right to a width of 30 feet.  In addition, the Amendment sought to add separators, heaters, headers, valves, blow offs, fittings and the housing for same, fences, and structures.

9.

Plaintiff did not sign or agree to the terms of the Ratification and Amendment.

10.

Gulf South proceeded with the work without plaintiff's permission.

11.

Gulf South installed above ground bollards and above ground valve operators, all which now impair the utility of the property.

12.

In addition, Gulf South failed to properly compact the soil which limits the ability of plaintiff's lumber business to drive forklifts over the property and is interfering with the business and intended use of the property.

2

·13.

Gulf South has received financial benefit and gain from its unauthorized operation of the natural gas pipeline on the property.

14.

Gulf South was placed on notice by email of July 18, 2018, that it had no right to lay pipeline(s) on the property.

15.

On information and belief, despite notice provided, Gulf South continues to conduct improper and unauthorized pipeline activities and other uses of the surface of the property.

16.

Plaintiff desires and is entitled to require the defendant to return the property to the condition in which it was at the inception of the laying of the offending pipeline.  In the alternative, plaintiff desires and is entitled to damages to cover the cost of restoring the property to its prior condition.

17.

The operating cause of the injury consisted of Gulf South's presence on the Property without the permission of the plaintiff.

18.

The continuing wrongful utilization of the pipelines across the property without the permission of the plaintiff is a continuing tort, which is still ongoing.

19.

Gulf South is in moral and legal bad faith.

20.

The plaintiff is entitled to damages under the continuing-tort theory for moral and legal bad-faith trespass.

21.

Furthermore, plaintiff also desires and is entitled to all profits or revenues derived from all unauthorized operations of the defendant on its property, depending on whether the fact finder determines that Gulf South's trespass was in moral or legal bad faith, as well as any other damages proved at trial.

22.

The damages owed by the defendant to the plaintiff exceeds $50,000.

23.

To the extent that the defendant continues to occupy the property, plaintiff desires and is entitled to an Order that defendant be required to vacate the premises forthwith.

ACCORDINGLY, the plaintiff herein asks that, after due proceedings be had:

A.    The defendants named herein be duly cited and served with a certified copy of this Petition, as well as Plaintiff's First Set of Interrogatories and Request for Production of Documents in accordance with the service instructions appearing at the end of this document;

B.    The defendants be ordered to show cause, on a date and at an hour to be fixed by this Court, why the defendants should not be ordered to vacate the premises and deliver all possession thereof to plaintiff;

C.    After all due proceedings had and the lapse of all legal delays, there be judgment rendered herein against the defendants permanently enjoining, restraining, and prohibiting them from any further business activities on plaintiff's property;

D.    After all due proceedings had and the lapse of all legal delays, there be judgment rendered herein requiring defendants to restore the property subject to the servitude to its prior condition, including removal and replacement of the contaminated soil;

E.    After all due proceedings had and the lapse of all legal delays, there be judgment rendered herein against defendants for monetary damages for the cost of returning the property to its prior condition;

F.    After all due proceedings had and the lapse of all legal delays, there be judgment rendered herein against the defendants and in favor of plaintiff for all profits received from all unauthorized activities conducted on plaintiff's property, as well as any other damages which are proved at trial of this matter;

G.    After all due proceedings had and the lapse in all legal days, there be judgment rendered herein against the defendants, including legal interest on all monetary awards from the date of demand until paid in full and for all costs of these proceedings.

4

Respectfully submitted,


J. ROCK PALERMO III  (#21793)
VERON, BICE, PALERMO & WILSON, LLC
P.O. BOX 2125
LAKE CHARLES, LA 70602-2125
Telephone:    (337) 310-1600
Facsimile:    (337) 310-1601


and


CHARLES SCRUMPF (#11831)
SCHRUMP LAW OFFICE, A PLC
3801 MAPLEWOOD DRIVE
SULPHUR, LA  70663
Telephone:    (337) 625-9077
Facsimile:    (337)-625-8231


By:  _____
     J. ROCK PALERMO III


*COUNSEL FOR PLAINTIFFS*


A TRUE COPY
Lake Charles, Louisiana

Emilie  Hollier
Deputy Clerk of Court
Calcasieu Parish, Louisiana          SEP 1 3 2019

**SERVICE INSTRUCTIONS:**

Please serve the following defendants in accordance with paragraph 1
Above.


5

| DIAMOND LUMBER COMPANY, INC. | : · | 14TH JUDICIAL DISTRICT COURT |
|---|---|---|
| VS. NO. _____ 2019-4174  D | : | PARISH OF CALCASIEU |
| GULF SOUTH PIPELINE COMPANY, LP and BOARDWALK PIPELINES, LP | : | STATE OF LOUISIANA |
| FILED: _____ SEP 0 3 2019 | | *Scott Gilvertson* |
| | | DEPUTY CLERK OF COURT |

## DIAMOND LUMBER COMPANY, INC.'S FIRST SET OF DISCOVERY REQUESTS

TO:   GULF SOUTH PIPELINE
though its registered agent for service,
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA  70802

And

BOARDWALK PIPELINES, LP
Through R. S. 13:3204 (the Louisiana Long Arm Statute)
9 Greenway Plaza, Suite 2800
Houston, TX  77046

DIAMOND LUMBER COMPANY, INC. ("Diamond Lumber") through undersigned counsel, requests that Defendants, GULF SOUTH PIPELINE ("Gulf South"), and BOARDWALK PIPELINES, INC.    ("Boardwalk") answer under oath in accordance with article 1457, *et seq.*, of the Louisiana Code of Civil Procedure, the interrogatories, requests for production of documents, and requests for admissions set forth below (collectively, the "Requests," each a "Request"). In responding to the Request, Diamond Lumber requests that the Defendants furnish all information that is available within their possession, custody, or control (including, but not limited to, all electronically stored information), and answer separately and fully in writing each Request under oath, unless it is objected to, in which case the reasons for the objection(s) shall be stated in lieu of an answer.  The answers to these Requests are to be signed by the person making them, and the objections are to be signed by the attorney making them.

These Requests are to be regarded as continuing in nature. If your answer to any Request materially changes from the time answers are served, you are to supplement your answer to reflect the change. Please take notice that the answers to these Requests must be served upon the attorney for the plaintiffs within thirty (30) days after the service of these Requests.

## INSTRUCTIONS

The following instructions are applicable throughout these Requests and are incorporated into each specific Request:

1.      These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party, the defendant, as well as its agents, representatives, and (unless privileged) attorneys and accountants.

2.      No part of a Request should be left unanswered merely because an objection is interposed to another part of the Request.   If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

3.      All objections shall be set forth with specificity and shall include a brief statement of the grounds for each objection.

4.      Each Request shall be read to be inclusive rather than exclusive.

5.      If, in answering these Requests, you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

6.      If any response is withheld based on a claim of privilege or any other protection, then set forth with respect to each such response, or part thereof, facts of sufficient specificity to permit the Court to determine whether the claim of privilege or other ground for withholding a response is valid, including each and every fact or basis for such claim or privilege or other ground for not responding.

7.      In responding to these Requests, you are to make a diligent search of your records and of all other papers, materials, and electronically stored information in your possession or available to you or your representatives or other associated persons.

8.      All electronically stored information responsive to these Requests shall be produced in its native format and shall include all metadata.

## DEFINITIONS

For purposes of these Requests, the following definitions shall apply:

1.      "You" or "your" means all defendants answering these Requests and, in the case of a corporation, partnership, limited liability company, or other incorporated entity, its present or former officers, employees, agents, representatives, attorneys, investigators, or any other person acting on its behalf. "You" or "your" also includes any affiliate companies, subsidiaries, parent

companies, successors in interest, or predecessors in interest, and their respective present or former

officers, employees, agents, representatives, attorneys, investigators, and all other persons acting

on their behalf.

2.      "Refer," "relate," "reflect," "regard," "concern," or "pertain" means refer to, relate

to, reflect, pertain to, embody, touch on, discuss, mention, support, contradict, modify, or in any

way whatsoever concern the subject.

3.      "All" shall be deemed to include and encompass the words "each" and "all." The

words "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the

Request inclusive rather than exclusive.

4.      The past tense shall be construed to include the present tense, and vice versa, to

make the Request inclusive rather than exclusive.

5.      Terms in the singular shall be deemed to include the plural, and terms in the plural

shall be deemed to include the singular.

6.      "Property" means

> That certain tract of land situated in the NW corner of the West Half of the NW
> Quarter of Section 7, Township 9 South, Range 8 West, Calcasieu Parish, Louisiana,
> more particularly described in a Cash Deed from Southern District of the Lutheran
> Church Missouri Synod to Diamond Lumber Company, Inc., dated August 10, 1998
> and recorded in Book 2713, Page 235, of the Deed Records of Calcasieu Parish,
> Louisiana, less and except any conveyances heretofore made.

7.      "Document" means each and every written, recorded, or graphic matter of any kind,

type, nature, or description that is or has been in your possession, custody, or control, including,

but not limited to, all printed and electronic copies (including metadata) of electronic mail ("e-

mail"), text messages, notes, correspondence, memoranda, tapes, stenographic or handwritten

notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles,

specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, reports,

audits, financial reviews, surveys, computer printouts, data compilations of any kind, teletypes,

telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports,

summaries, books, ledgers, notebooks, schedules, calendars, transparencies, recordings, catalogs,

advertisements, promotional materials, films, video tapes, audio tapes, brochures, pamphlets, or

any written or recorded materials of any other kind, however stored (whether in tangible or

electronic form), recorded, produced, or reproduced, and also including, but not limited to, drafts

or copies of any of the foregoing that contain any notes, comments, or markings of any kind not

found on the original documents or that are otherwise not identical to the original documents.

8.     "Person" means any individual, firm, joint venture, partnership, association, corporation or other legal, business, or governmental entity.

9.     The terms "identify," "identity of," or "identification," when referring to an individual, means to state his or her full name, address, employer, and employment title. When referring to a document, it means to state the date and author of the document (or to state alternative means of identifying the document) and to give the document's current location and the name and address of its custodian. However, if a document or documents in your possession contain the information sought by these Requests, you may produce the document in lieu of answering the interrogatory, provided that the requirements of article 1460 of the Louisiana Code of Civil Procedure are satisfied.

10.     "Facility" or "facilities" is defined as *any* equipment or structure that is or ever was owned, operated, managed, or maintained by you (whether in whole or in part) on the Property, including, but not limited to, any pipelines and all associated flow lines, valves, equipment and the like installed or utilized by you at any time.

11.     The "Offending Pipeline" means that pipeline installed pursuant to the 1932 Right of Way agreement between United Pipe Line Corporations and its successors in interest.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify by name, home address, business address, and telephone number, each and every witness whom you may call at the trial of this matter.

**INTERROGATORY NO. 2:**

Please identify each person whom you may call as an expert witness at the trial of this matter. With respect to each expert witness, describe:

a.   His or her educational background and experience, directly or indirectly related to the subject matter at issue;

b.   The subject matter or area on which the expert is expected to testify.

c.

4

**INTERROGATORY NO. 3:**

Please identify by name, home address and business address each and every member of your LP.  If a member of the LP is a limited liability company or partnership, please continue to identify by name and business address those members of partners of those entities, until you can reach a level of member or partner that results in identifying a natural person or a corporation by name, home address, and business address.

**INTERROGATORY NO. 4:**

Please identify:

1.  The facilities in the United States that the defendants supply or has supplied with the products transported through the Offending Pipeline.

2.  All sales contracts for the products transported through the Offending Pipeline by the defendants, or any related entity.

3.  All sales contracts, purchase agreements, master purchase agreements, or any other agreement between the defendants or any other entity for the purchase, sale, and/or transportation of the production transported through the Offending Pipeline.

4.  All purchase and sale agreements, joint operating agreements, or any other agreement between the defendants, their predecessors in interest, and/or any other entity for the purchase and sale of the Offending Pipeline.

5.  All Authorizations for Expenditures ("AFEs") by the defendants or their predecessors in interest for the construction of the Offending Pipeline, utilized to transport natural gas or any other product across the Plaintiff's property

**INTERROGATORY NO. 5:**

Please identify by name, home address, business address, and telephone number any and all employees of the defendants who were involved in the decision to allow Gulf South, Board walk or their predecessors in interest to construct, operate, and/or maintain the Offending Pipelines) through the Plaintiff's property.

**INTERROGATORY NO. 6:**

Please identify any and all assignments, purchases, exchanges, or any other method by which Gulf South obtained the Right of Way across the plaintiff's property, beginning with the original Right of Way obtained by United Pipe Line Corporation in 1931 though the present day.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Please produce any and all documents containing information about the negotiations, agreements, and contracts between defendants others for whose benefit the Offending Pipeline was constructed through and has been operated on the Plaintiff's property and to whom the defendants are contractually obligated to sell the natural gas or any other product that flows through the pipeline.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce the entire project file relating to any negotiations with Diamond Lumber, or their predecessors in interest for any right to construct the Offending Pipeline through its property since its construction to the present day.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce any and all documents pertaining to the sale of natural gas, or other product that may be transported through the Offending Pipeline from the date of its first operation to the present.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce any and all documents that pertain to the planning, economic evaluation, and process related to the defendants' decision to construct and operate the Offending Pipeline through the property of the Plaintiff or their predecessors in interest.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all lawsuits, claims, and regulatory actions arising from the construction, installation, operation, tying in of pipelines across any property in Louisiana.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce a copy of every written claim or suit made or filed against defendants for breach of contract, trespassing and/or for unjust enrichment and every document generated as a result of each such breach of contract, trespass, or unjust enrichment claim or suit between 1932 and the present in connection with defendants' pipelines in Louisiana.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce a copy of any and all documents identified in your answer to interrogatory no. 6, including, but not limited to, every servitude, right-of-way agreement, easement, judgment

of expropriation, and/or lease that exists between Gulf South, Boardwalk, United Pipe Line Corporation or their predecessors or successors in interest and the Plaintiff or its predecessor in interest.

## REQUEST FOR PRODUCTION NO. 8:

Please provide a copy of every contract you have with any person or entity for the maintenance of, in, on and around the Offending Pipeline(s) across the Miller Family's property.

## REQUEST FOR PRODUCTION NO. 9:

Please produce every item and document (whether printed or electronically stored) that supports, corroborates, or evidences, in any way, every claim and denial you have made and now intend to make in this suit.

## REQUEST FOR PRODUCTION NO. 10:

Please produce a copy of every document and tangible item you intend to introduce into evidence at trial or use as a demonstrative exhibit at trial.

## REQUEST FOR PRODUCTION NO. 11:

Please produce any and all documents identified in your answers to Interrogatories 1 through 5

## REQUEST FOR PRODUCTION NO. 12:

Please produce a copy of every document and tangible item you intend to introduce into evidence at trial or use as a demonstrative exhibit at trial.

## REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1:

Admit that United Gas Pipe Line did not have permission from all the owners of the property in 1932.

## REQUEST FOR PRODUCTION NO. 13:

If you denied request no. 1, produce any and all right of way agreements signed by all owners of the property in 1932.

Respectfully submitted,


J. ROCK PALERMO III (#21793)
P.O. BOX 2125
LAKE CHARLES, LA 70602-2125
Telephone:    (337) 310-1600
Facsimile:    (337) 310-1601

      And


CHARLES SCRUMPF (#11831 )
SCHRUMP LAW OFFICE, A PLC
3801 MAPLEWOOD DRIVE
SULPHUR, LA  70663
Telephone:    (337) 625-9077
Facsimile:    (337)-625-8231


By: _____
    J. ROCK PALERMO III


*COUNSEL FOR PLAINTIFFS*


A TRUE COPY
Lake Charles, Louisiana

Emilie Hollier
Deputy Clerk of Court
Calcasieu Parish, Louisiana    SEP 1 3 2019

PLEASE SERVE:

GULF SOUTH PIPELINE, LP
Though its registered agent for service,
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

      And

BOARDWALK PIPELINES, LP
Through R. S. 13:3204 (the Louisiana Long Arm Statute)
9 Greenway Plaza, Suite 2800
Houston, TX  77046

8



# Veron, Bice, Palermo & Wilson, LLC

### ATTORNEYS AT LAW

J. Michael Veron
Jere Jay Bice*
J. Rock Palermo III*
Alonzo P. Wilson
Michael G. Hodgkins
Turner D. Brumby
Julia Love Taylor
Peyton F. Pawlicki

Of Counsel
Jamie B. Bice

*Certified Mediators

721 Kirby Street (70601)
Post Office Box 2125
Lake Charles, LA
70602.2125

Telephone
(337) 310-1600
Facsimile
(337) 310-1601
Toll Free
(877) 300-8680

Website:
www.veronbice.com

Email:
info@veronbice.com

September 17, 2019

**VIA CERTIFIED MAIL**
**RETURN RECEIPT 70163560000048337654**

Boardwalk Pipelines LP
9 Greenway Plaza, Suite 2800
Houston, TX  77046

RE:   Diamond Lumber Company, Inc.
**Vs. No. 2019-004174**
Gulf South Pipeline Company, LP and
Boardwalk Pipelines, LP.

To Whom It May Concern:

Enclosed are certified copies of a Petition for Damages and Rule to Evict and First Set of Discovery Requests which were filed on behalf of our client, Diamond Lumber Company, Inc.

You are being served with the above pleadings pursuant to the Louisiana Long-Arm Statute.  Your responses to the petition and the discovery requests are due thirty (30) days from the receipt of this letter.

Very truly yours,

J. ROCK PALERMO III

JRP:yh
Enclosures



DIAMOND LUMBER COMPANY INC
VS.    2019-004174
GULF SOUTH PIPELINE COMPANY
LP

Citation/Long Arm



14ᵗʰ Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  BOARDWALK PIPELINES LP
     9 GREENWAY PLAZA SUITE 2800
     HOUSTON, TX  77046

PURSUANT  TO  LOUISIANA
LONG-ARM STATUTE

Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to
comply with the demand in the petition of DIAMOND LUMBER CO INC against you,
certified copy of which petition accompanies this citation, or file your answers thereto in
writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in
said Parish, within thirty (30) days after the service hereof, under penalty of default.
***PLAINTIFFS' PETITION FOR DAMAGES AND RULE TO EVICT***

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 3RD day of
SEPTEMBER 2019.

Issued and delivered September 13, 2019

*Emilie Hollier*
Emilie Hollier
Deputy Clerk of Court

-------------------------------------------------- SERVICE INFORMATION --------------------------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE     $_____            BY: _____
                                        Deputy Sheriff
MILEAGE     $_____

TOTAL $_____

Party No.   P001

A TRUE COPY
Lake Charles, Louisiana

*Emilie Hollier*
Deputy Clerk of Court
Calcasieu Parish, Louisiana          SEP 1 3 2019

You Are Hereby Notified - Civil

DIAMOND LUMBER COMPANY INC
VS.   2019-004174
GULF SOUTH PIPELINE COMPANY
LP



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  BOARDWALK PIPELINES LP

*Pursuant to Louisiana
Long-Arm Statute

9 GREENWAY PLAZA SUITE 2800
HOUSTON, TX  77046

YOU ARE HEREBY NOTIFIED:

TO COMPLY WITH "DIAMOND LUMBER COMPANY, INC.'S FIRST SET OF DISCOVERY REQUESTS"
WITHIN THE DELAYS PROVIDED THEREIN.

ALL IN ACCORDANCE WITH CERTIFIED COPY ATTACHED HERETO AND MADE A PART
HEREOF.

Witness the Honorable Judge of said Court, at Lake Charles, Louisiana, this 3RD day of SEPTEMBER 2019.

Issued and delivered September 13, 2019

Emilie Hollier
Emilie Hollier
Deputy Clerk of Court

-------------------------------------------------------- SERVICE INFORMATION --------------------------------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the
above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living
and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said
person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE       $_____              BY:  _____
                                            Deputy Sheriff
MILEAGE       $_____

TOTAL $_____

Party No.     P001

A TRUE COPY
Lake Charles, Louisiana

Emilie Hollier
Deputy Clerk of Court      SEP 1 3 2019

DIAMOND LUMBER COMPANY,          :          14TH JUDICIAL DISTRICT COURT
INC.

VS. NO. _____2019- 4174  D_____          :          PARISH OF CALCASIEU

GULF SOUTH PIPELINE COMPANY,  :          STATE OF LOUISIANA
LP and BOARDWALK PIPELINES,
LP
FILED:_____SEP 0 3 2019_____          :          _Scott Nelvertson_
                                                     DEPUTY CLERK OF COURT

## PLAINTIFFS' PETITION FOR DAMAGES AND RULE TO EVICT

NOW INTO COURT, through undersigned counsel, comes DIAMOND LUMBER CO.

INC., domiciled in Calcasieu Parish, (hereinafter referred to as "plaintiff"), who respectfully

represents as follows:

1.

Made defendants herein are:

a.       GULF SOUTH PIPELINE COMPANY LP ("Gulf South") (formerly known as Union
         Gas Pipe Line Company ("Union Gas"), a partnership, doing business in the State of
         Louisiana and in the Parish of Calcasieu, with a principal business establishment located
         at 520 Alliance St., Kenner, LA, which may be duly cited and served through its
         registered agent, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge,
         Louisiana 70802;

b.       BOARDWALK PIPELINES, LP, ("Boardwalk') a limited partnership, which may be
         served via La. R.S. 13:3204 (the Long Arm Statute) at 9 Greenway Plaza, suite 2800,
         Houston, TX  77046

2.

Plaintiff is the owner of certain immovable property located in Section 7, Township 9

South, Range 8 West, in Calcasieu Parish, Louisiana.  That property (hereinafter referred to as

"the property") is the subject of this suit.

3.

On January 5, 1931, one of the plaintiffs' ancestors in title, George Lyons, granted a

right-of-way agreement to United Pipe Line Corporation, predecessor in interest to Gulf South

and Boardwalk.   However, George Lyons was not the sole owner of the property described in

the Right of Way.  Gulf South's predecessor never obtained a Right of Way from all the owners.

4.

By failing to obtain a Right of Way from all the owners, the defendants, and their predecessors in interest, were committing a trespass.

5.

Defendants owed a duty to plaintiff not to trespass.

6.

On information and belief, Gulf South is a wholly owned subsidiary of Boardwalk and Boardwalk is an officer and partner of Gulf South.

7.

In March 2018, Gulf South notified plaintiff that Gulf South intended to perform maintenance and inspection work on the existing natural gas pipeline known as Index 201-3 Segment B located in Section 7, Township 9 South, Range 8 West, Calcasieu Parish, Louisiana. Gulf South further advised that upon completion of construction by Gulf South, the permanent right of way will be returned to as near original condition as practicable.  Gulf South further stated it "anticipates minimal, if any, long-term adverse impact to the property."

8.

In July 2018, Gulf South approached plaintiff with a "Ratification and Amendment of Servitude and Right of Way Agreement".   The Amendment sought to enlarge the Right to a width of 30 feet.   In addition, the Amendment sought to add separators, heaters, headers, valves, blow offs, fittings and the housing for same, fences, and structures.

9.

Plaintiff did not sign or agree to the terms of the Ratification and Amendment.

10.

Gulf South proceeded with the work without plaintiff's permission.

11.

Gulf South installed above ground bollards and above ground valve operators, all which now impair the utility of the property.

12.

In addition, Gulf South failed to properly compact the soil which limits the ability of plaintiff's lumber business to drive forklifts over the property and is interfering with the business and intended use of the property.

13.

Gulf South has received financial benefit and gain from its unauthorized operation of the natural gas pipeline on the property.

14.

Gulf South was placed on notice by email of July 18, 2018, that it had no right to lay pipeline(s) on the property.

15.

On information and belief, despite notice provided, Gulf South continues to conduct improper and unauthorized pipeline activities and other uses of the surface of the property.

16.

Plaintiff desires and is entitled to require the defendant to return the property to the condition in which it was at the inception of the laying of the offending pipeline.   In the alternative, plaintiff desires and is entitled to damages to cover the cost of restoring the property to its prior condition.

17.

The operating cause of the injury consisted of Gulf South's presence on the Property without the permission of the plaintiff.

18.

The continuing wrongful utilization of the pipelines across the property without the permission of the plaintiff is a continuing tort, which is still ongoing.

19.

Gulf South is in moral and legal bad faith.

20.

The plaintiff is entitled to damages under the continuing-tort theory for moral and legal bad-faith trespass.

21.

Furthermore, plaintiff also desires and is entitled to all profits or revenues derived from all unauthorized operations of the defendant on its property, depending on whether the fact finder determines that Gulf South's trespass was in moral or legal bad faith, as well as any other damages proved at trial.

22.

The damages owed by the defendant to the plaintiff exceeds $50,000.

23.

To the extent that the defendant continues to occupy the property, plaintiff desires and is entitled to an Order that defendant be required to vacate the premises forthwith.

ACCORDINGLY, the plaintiff herein asks that, after due proceedings be had:

A.   The defendants named herein be duly cited and served with a certified copy of this Petition, as well as Plaintiff's First Set of Interrogatories and Request for Production of Documents in accordance with the service instructions appearing at the end of this document;

B.   The defendants be ordered to show cause, on a date and at an hour to be fixed by this Court, why the defendants should not be ordered to vacate the premises and deliver all possession thereof to plaintiff;

C.   After all due proceedings had and the lapse of all legal delays, there be judgment rendered herein against the defendants permanently enjoining, restraining, and prohibiting them from any further business activities on plaintiff's property;

D.   After all due proceedings had and the lapse of all legal delays, there be judgment rendered herein requiring defendants to restore the property subject to the servitude to its prior condition, including removal and replacement of the contaminated soil;

E.   After all due proceedings had and the lapse of all legal delays, there be judgment rendered herein against defendants for monetary damages for the cost of returning the property to its prior condition;

F.   After all due proceedings had and the lapse of all legal delays, there be judgment rendered herein against the defendants and in favor of plaintiff for all profits received from all unauthorized activities conducted on plaintiff's property, as well as any other damages which are proved at trial of this matter;

G.   After all due proceedings had and the lapse in all legal days, there be judgment rendered herein against the defendants, including legal interest on all monetary awards from the date of demand until paid in full and for all costs of these proceedings.

Respectfully submitted,


J. ROCK PALERMO III  (#21793)
VERON, BICE, PALERMO & WILSON, LLC
P.O. BOX 2125
LAKE CHARLES, LA 70602-2125
Telephone:    (337) 310-1600
Facsimile:    (337) 310-1601


and


CHARLES SCRUMPF (#11831)
SCHRUMP LAW OFFICE, A PLC
3801 MAPLEWOOD DRIVE
SULPHUR, LA  70663
Telephone:    (337) 625-9077
Facsimile:    (337)-625-8231


By:   _____
        J. ROCK PALERMO III


*COUNSEL FOR PLAINTIFFS*


**SERVICE INSTRUCTIONS:**

Please serve the following defendants in accordance with paragraph 1
Above.

| | | |
|---|---|---|
| DIAMOND LUMBER COMPANY, INC. | : | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. _____ 2019-4174  D | : | PARISH OF CALCASIEU |
| GULF SOUTH PIPELINE COMPANY, LP and BOARDWALK PIPELINES, LP | : | STATE OF LOUISIANA |
| FILED: _____ SEP 0 3 2019 | | _____ |
| | | DEPUTY CLERK OF COURT |

### DIAMOND LUMBER COMPANY, INC.'S FIRST SET OF DISCOVERY REQUESTS

TO:   GULF SOUTH PIPELINE
though its registered agent for service,
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

And

BOARDWALK PIPELINES, LP
Through R. S. 13:3204 (the Louisiana Long Arm Statute)
9 Greenway Plaza, Suite 2800
Houston, TX 77046

DIAMOND LUMBER COMPANY, INC. ("Diamond Lumber") through undersigned counsel, requests that Defendants, GULF SOUTH PIPELINE ("Gulf South"), and BOARDWALK PIPELINES, INC. ("Boardwalk") answer under oath in accordance with article 1457, *et seq.*, of the Louisiana Code of Civil Procedure, the interrogatories, requests for production of documents, and requests for admissions set forth below (collectively, the "Requests," each a "Request"). In responding to the Request, Diamond Lumber requests that the Defendants furnish all information that is available within their possession, custody, or control (including, but not limited to, all electronically stored information), and answer separately and fully in writing each Request under oath, unless it is objected to, in which case the reasons for the objection(s) shall be stated in lieu of an answer. The answers to these Requests are to be signed by the person making them, and the objections are to be signed by the attorney making them.

These Requests are to be regarded as continuing in nature. If your answer to any Request materially changes from the time answers are served, you are to supplement your answer to reflect the change. Please take notice that the answers to these Requests must be served upon the attorney for the plaintiffs within thirty (30) days after the service of these Requests.

## INSTRUCTIONS

The following instructions are applicable throughout these Requests and are incorporated into each specific Request:

1.      These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party, the defendant, as well as its agents, representatives, and (unless privileged) attorneys and accountants.

2.      No part of a Request should be left unanswered merely because an objection is interposed to another part of the Request.  If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

3.      All objections shall be set forth with specificity and shall include a brief statement of the grounds for each objection.

4.      Each Request shall be read to be inclusive rather than exclusive.

5.      If, in answering these Requests, you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

6.      If any response is withheld based on a claim of privilege or any other protection, then set forth with respect to each such response, or part thereof, facts of sufficient specificity to permit the Court to determine whether the claim of privilege or other ground for withholding a response is valid, including each and every fact or basis for such claim or privilege or other ground for not responding.

7.      In responding to these Requests, you are to make a diligent search of your records and of all other papers, materials, and electronically stored information in your possession or available to you or your representatives or other associated persons.

8.      All electronically stored information responsive to these Requests shall be produced in its native format and shall include all metadata.

## DEFINITIONS

For purposes of these Requests, the following definitions shall apply:

1.      "You" or "your" means all defendants answering these Requests and, in the case of a corporation, partnership, limited liability company, or other incorporated entity, its present or former officers, employees, agents, representatives, attorneys, investigators, or any other person acting on its behalf. "You" or "your" also includes any affiliate companies, subsidiaries, parent

companies, successors in interest, or predecessors in interest, and their respective present or former officers, employees, agents, representatives, attorneys, investigators, and all other persons acting on their behalf.

2.      "Refer," "relate," "reflect," "regard," "concern," or "pertain" means refer to, relate to, reflect, pertain to, embody, touch on, discuss, mention, support, contradict, modify, or in any way whatsoever concern the subject.

3.      "All" shall be deemed to include and encompass the words "each" and "all." The words "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the Request inclusive rather than exclusive.

4.      The past tense shall be construed to include the present tense, and vice versa, to make the Request inclusive rather than exclusive.

5.      Terms in the singular shall be deemed to include the plural, and terms in the plural shall be deemed to include the singular.

6.      "Property" means

That certain tract of land situated in the NW corner of the West Half of the NW Quarter of Section 7, Township 9 South, Range 8 West, Calcasieu Parish, Louisiana, more particularly described in a Cash Deed from Southern District of the Lutheran Church Missouri Synod to Diamond Lumber Company, Inc., dated August 10, 1998 and recorded in Book 2713, Page 235, of the Deed Records of Calcasieu Parish, Louisiana, less and except any conveyances heretofore made.

7.      "Document" means each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in your possession, custody, or control, including, but not limited to, all printed and electronic copies (including metadata) of electronic mail ("e-mail"), text messages, notes, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, reports, audits, financial reviews, surveys, computer printouts, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, calendars, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, pamphlets, or any written or recorded materials of any other kind, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including, but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

3

8.     "Person" means any individual, firm, joint venture, partnership, association, corporation or other legal, business, or governmental entity.

9.     The terms "identify," "identity of," or "identification," when referring to an individual, means to state his or her full name, address, employer, and employment title.  When referring to a document, it means to state the date and author of the document (or to state alternative means of identifying the document) and to give the document's current location and the name and address of its custodian.  However, if a document or documents in your possession contain the information sought by these Requests, you may produce the document in lieu of answering the interrogatory, provided that the requirements of article 1460 of the Louisiana Code of Civil Procedure are satisfied.

10.     "Facility" or "facilities" is defined as *any* equipment or structure that is or ever was owned, operated, managed, or maintained by you (whether in whole or in part) on the Property, including, but not limited to, any pipelines and all associated flow lines, valves, equipment and the like installed or utilized by you at any time.

11.     The "Offending Pipeline" means that pipeline installed pursuant to the 1932 Right of Way agreement between United Pipe Line Corporations and its successors in interest.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify by name, home address, business address, and telephone number, each and every witness whom you may call at the trial of this matter.

### INTERROGATORY NO. 2:

Please identify each person whom you may call as an expert witness at the trial of this matter.  With respect to each expert witness, describe:

a.   His or her educational background and experience, directly or indirectly related to the subject matter at issue;

b.   The subject matter or area on which the expert is expected to testify.

c.

**INTERROGATORY NO. 3:**

Please identify by name, home address and business address each and every member of your LP.  If a member of the LP is a limited liability company or partnership, please continue to identify by name and business address those members of partners of those entities, until you can reach a level of member or partner that results in identifying a natural person or a corporation by name, home address, and business address.

**INTERROGATORY NO. 4:**

Please identify:

1.   The facilities in the United States that the defendants supply or has supplied with the products transported through the Offending Pipeline.

2.   All sales contracts for the products transported through the Offending Pipeline by the defendants, or any related entity.

3.   All sales contracts, purchase agreements, master purchase agreements, or any other agreement between the defendants or any other entity for the purchase, sale, and/or transportation of the production transported through the Offending Pipeline.

4.   All purchase and sale agreements, joint operating agreements, or any other agreement between the defendants, their predecessors in interest, and/or any other entity for the purchase and sale of the Offending Pipeline.

5.   All Authorizations for Expenditures ("AFEs") by the defendants or their predecessors in interest for the construction of the Offending Pipeline, utilized to transport natural gas or any other product across the Plaintiff's property

**INTERROGATORY NO. 5:**

Please identify by name, home address, business address, and telephone number any and all employees of the defendants who were involved in the decision to allow Gulf South, Board walk or their predecessors in interest to construct, operate, and/or maintain the Offending Pipelines) through the Plaintiff's property.

**INTERROGATORY NO. 6:**

Please identify any and all assignments, purchases, exchanges, or any other method by which Gulf South obtained the Right of Way across the plaintiff's property, beginning with the original Right of Way obtained by United Pipe Line Corporation in 1931 though the present day.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Please produce any and all documents containing information about the negotiations, agreements, and contracts between defendants others for whose benefit the Offending Pipeline was constructed through and has been operated on the Plaintiff's property and to whom the defendants are contractually obligated to sell the natural gas or any other product that flows through the pipeline.

### REQUEST FOR PRODUCTION NO. 2:

Please produce the entire project file relating to any negotiations with Diamond Lumber, or their predecessors in interest for any right to construct the Offending Pipeline through its property since its construction to the present day.

### REQUEST FOR PRODUCTION NO. 3:

Please produce any and all documents pertaining to the sale of natural gas, or other product that may be transported through the Offending Pipeline from the date of its first operation to the present.

### REQUEST FOR PRODUCTION NO. 4:

Please produce any and all documents that pertain to the planning, economic evaluation, and process related to the defendants' decision to construct and operate the Offending Pipeline through the property of the Plaintiff or their predecessors in interest.

### REQUEST FOR PRODUCTION NO. 5:

Please produce all lawsuits, claims, and regulatory actions arising from the construction, installation, operation, tying in of pipelines across any property in Louisiana.

### REQUEST FOR PRODUCTION NO. 6:

Please produce a copy of every written claim or suit made or filed against defendants for breach of contract, trespassing and/or for unjust enrichment and every document generated as a result of each such breach of contract, trespass, or unjust enrichment claim or suit between 1932 and the present in connection with defendants' pipelines in Louisiana.

### REQUEST FOR PRODUCTION NO. 7:

Please produce a copy of any and all documents identified in your answer to interrogatory no. 6, including, but not limited to, every servitude, right-of-way agreement, easement, judgment

of expropriation, and/or lease that exists between Gulf South, Boardwalk, United Pipe Line Corporation or their predecessors or successors in interest and the Plaintiff or its predecessor in interest.

**REQUEST FOR PRODUCTION NO. 8:**

Please provide a copy of every contract you have with any person or entity for the maintenance of, in, on and around the Offending Pipeline(s) across the Miller Family's property.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce every item and document (whether printed or electronically stored) that supports, corroborates, or evidences, in any way, every claim and denial you have made and now intend to make in this suit.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce a copy of every document and tangible item you intend to introduce into evidence at trial or use as a demonstrative exhibit at trial.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce any and all documents identified in your answers to Interrogatories 1 through 5

**REQUEST FOR PRODUCTION NO. 12:**

Please produce a copy of every document and tangible item you intend to introduce into evidence at trial or use as a demonstrative exhibit at trial.


## REQUESTS FOR ADMISSION


**REQUEST FOR ADMISSION NO. 1:**

Admit that United Gas Pipe Line did not have permission from all the owners of the property in 1932.

**REQUEST FOR PRODUCTION NO. 13:**

If you denied request no. 1, produce any and all right of way agreements signed by all owners of the property in 1932.

Respectfully submitted,


J. ROCK PALERMO III (#21793)
P.O. BOX 2125
LAKE CHARLES, LA 70602-2125
Telephone:    (337) 310-1600
Facsimile:    (337) 310-1601

     And

CHARLES SCRUMPF (#11831 )
SCHRUMP LAW OFFICE, A PLC
3801 MAPLEWOOD DRIVE
SULPHUR, LA  70663
Telephone:    (337) 625-9077
Facsimile:    (337)-625-8231


By: _____
    J. ROCK PALERMO III


*COUNSEL FOR PLAINTIFFS*


PLEASE SERVE:

GULF SOUTH PIPELINE, LP
Though its registered agent for service,
Corporation Service Company
501 Louisiana Avenue
Baton  Rouge, LA  70802

    And

BOARDWALK PIPELINES, LP
Through R. S. 13:3204 (the Louisiana Long Arm Statute)
9 Greenway Plaza, Suite 2800
Houston, TX  77046

| | | |
|---|---|---|
| DIAMOND LUMBER COMPANY, INC. | : | 14TH JUDICIAL DISTRICT COURT |
| VS. NO.  2019-004174 | : | PARISH OF CALCASIEU |
| GULF SOUTH PIPELINE COMPANY, LP and BOARDWALK PIPELINES, LP | : | STATE OF LOUISIANA |
| FILED:_____ | : | _____ |
| | | DEPUTY CLERK OF COURT |

| | | |
|---|---|---|
| STATE OF LOUISIANA | : | |
| | : | **AFFIDAVIT OF SERVICE** |
| PARISH OF CALCASIEU | : | |

BEFORE ME, the undersigned Notary Public, personally came and appeared YVONNE HANKINS, who first being duly sworn, deposed, and said: That affiant is Secretary of J. ROCK PALERMO III; that affiant mailed a true copy of the Citation, Petition for Damages, Interrogatories and Requests for Production by certified mail, return receipt requested, to the defendant BOARDWALK PIPELINES LP; that the same was delivered to the defendant on September 19, 2019, as more fully appears from the attached post office return receipt for certified mail number 70163556000048337654.

_____
YVONNE HANKINS

SWORN TO AND SUBSCRIBED before me, Notary Public, at Lake Charles, Louisiana, on this 25th day of September, 2019.

_____
NOTARY PUBLIC

Notary Printed Name: *Mary Margaret Cruthirds*

Notary ID No.: *2053*

DIAMOND LUMBER COMPANY,        :        14TH JUDICIAL DISTRICT
COURT
INC.

VS. NO.  2019-004174               :        PARISH OF CALCASIEU

GULF SOUTH PIPELINE COMPANY, :        STATE OF LOUISIANA
LP and BOARDWALK PIPELINES,
LP

FILED:_____        :        _____

                                              DEPUTY CLERK OF COURT